STATE OF MAINE                                  SUPERIOR COURT
                                                CIVIL ACTION
KENNEBEC, ss.                                   DOCKET NO. AP-03-54

                                                DĄM-Kȧ I-

RICHARD T. CALCAGNI,

          Plaintiff

     v.                                         **OPINION AND ORDER**

                               JUL 29 2005

TOWN OF WINTHROP,
et al.,

          Defendants

     This matter is before the court upon plaintiff's amended complaint pursuant to

M.R. Civ. P. 80B and 14 M.R.S.A. § 6051.  Plaintiff seeks a reversal of the decision of the

Town of Winthrop Planning Board of August 6, 2003, denying his application to amend

the Vista Heights Subdivision Plan and to grant waivers of design standards in the road

and street construction ordinance and subdivision ordinance of the Town of Winthrop.

     This case has a long and tortured history starting in 1990, when the town issued a

number of permits to the plaintiff regarding development of a lot in the town abutting

the Vista Heights Subdivision.  At the time, the existing right-of-way for access to the lot

was over ground of difficult passage.  Plaintiff asserts that without substantial blasting,

the access would be unsuitable for municipal vehicles and emergency vehicles to access

the building lots upon development.  Accordingly, the plaintiff acquired a 50-foot right-

of-way through Vista Heights Subdivision and built a road.  As a result, he built and

constructed a residential building.  As plaintiff was in the process of building additional

homes in conjunction with numerous permits issued by the town, plaintiff was notified

by the code enforcement officer that the road he had built as access through the Vista

Heights Subdivision was in violation of the design standards of the road and street

construction ordinance. The Planning Board had previously ruled that the plaintiff's road would not affect the subdivision or its approval and building permits were issued. In 2000, the code enforcement officer for the Town of Winthrop advised the plaintiff that the right-of-way as constructed through the Vista Heights Subdivision violated the town's subdivision's zoning ordinance and no further building permits would be issued. At this point, plaintiff filed an application with the Winthrop Planning Board asking for an amendment to the subdivision plan. Numerous requests were made and additional information was provided by the plaintiff over the period of years in support of his application. When it became evident that waivers of design standards would be necessary in order to achieve the approval, plaintiff made the appropriate requests.

After numerous submissions without action from the Town Planning Board, and while the application was pending, the property owner in the subdivision filed an application to amend the subdivision proposing a compromise in an attempt to satisfy both the concerns of the owners of two lots in the subdivision and Mr. Calcagni. At the August 6, 2003 planning board meeting, the property owners' proposal was accepted and the plaintiff's proposal was denied. Given this history, plaintiff asserts that the decision by the Planning Board was an abuse of its discretion, based upon an error of law and on findings not supported by substantial evidence in the record. In addition, plaintiff asserts that the history of multiple permits for the construction of homes accessed by the road in question, should estop the town from interfering with his use and approval of the road and that the court should grant equitable injunctive relief in that regard.

Another matter was presently brought before this court on a complaint for review of governmental action in accordance with M.R. Civ. P. 80B by property owners

in the subdivision.[1] Plaintiffs in that case challenged the actions of the Town of Winthrop arising out of the Planning Board decision and the constitutionality of the ordinance provision itself. A decision in that companion case dated September 24, 2004, ordered that the decision of the Winthrop Planning Board regarding the application to amend the subdivision as brought by the property owner be vacated.

It is clear from the record that in order for Mr. Calcagni's amendment to the subdivision plan to be approved, he must receive waivers of certain design standards of the road heretofore constructed within the 50-foot right-of-way or to be further refined. It required waivers relating to the width of the traveled portion of the right-of-way as well as the setback.

The road and street construction ordinance # 22 of the Town of Winthrop provides for certain variances and waivers. ARTICLE VII; VARIANCES AND WAIVERS, Section A.

> Where the Planning Board finds extraordinary and unnecessary hardship may result from the strict compliance with these standards or where there are special circumstances of a particular application, it may vary these standards upon recommendation of the Town manager or his agent, who may be a professional engineer, so that substantial justice may be done and the public interest served.

Plaintiffs in the companion case argued that the language to avoid "extraordinary and unnecessary hardships" and in "special circumstances of a particular application" is an unconstitutional delegation of legislative authority and an unconstitutionally vague standard. In its decision of September 24, 2004, this court agreed finding that while there are comprehensive and specific design standards in the ordinance, there are no standards enumerated to guide the town manager or the planning board as to what may constitute extraordinary and unnecessary hardship,

---

[1] *David A. Leonard, et al. v. Town of Winthrop, et al.*, KENSC-AP-03-52 (Me. Super. Ct., Ken. Cty., Sept. 24, 2004) (Marden, J.).

special circumstances or, further quoting from the ordinance, variances "so that substantial justice may be done and the public interest served." Road and Street Construction, Ordinance # 21, ARTICLE VII.

> The court stated:
>
> The issue is not which construction standards or design standards are necessary for an acceptable road and street in the Town of Winthrop but under what circumstances a property owner may determine that he or she is entitled to the waiver. The lack of a standard also puts the Board's decision-making authority well into the zone wherein unconstitutional legislative authority lies.

*David A. Leonard, et al. v. Town of Winthrop, et al.*, KENSC-AP-03-52, p. 7 (Me. Super. Ct., Ken. Cty., Sept. 24, 2004) (Marden, J.). Inasmuch as plaintiff's application to amend the subdivision plan to allow the street or road constructed on his right-of-way is dependent upon the waiver article, and this court has found that article to be unconstitutionally vague, the decision in the companion case has essentially removed the vehicle by which Mr. Calcagni can comply with the ordinance in order to achieve approval of his application. Since the Planning Board did not grant the waiver and the decision of the Planning Board is consistent with its ordinance, the plaintiff cannot achieve relief on M.R. Civ. P. 80B grounds. Mr. Calcagni can find within this ordinance no standard upon which he could rely in requesting the waiver except the relative impassability of other means to access his real estate.[2]

Plaintiff's alleged cause of action on grounds of estoppel must be denied as a matter of law because estoppel is not a cause of action. "Estoppel bars the assertion of

---

[2] In contrast, the court notes the Town of Winthrop Zoning Ordinance dated March 18, 2003, in which section 5.8.2 establishes a Zoning Board of Appeals and language at 5.8.2.3, Powers and Duties, in subsection 2, Variance Appeals, provisions are made for "for variances in specific cases where a relaxation of the terms of this Ordinance would not by (sic) contrary to the public interest and where literal enforcement of this Ordinance results in undue hardship. A financial hardship shall not constitute grounds for granting a variance. The term 'undue hardship' shall mean:" followed by four very specific standards of undue hardship regarding reasonable return, unique circumstances of the property, alteration of the essential character of the locality or not the result of action taken by the prior owner.

the truth by one whose misleading conduct has induced another to act to his detriment in reliance on what is untrue." *Anderson v. Commissioner of Department of Human Services*, 489 A.2d 1093, 1099 (Me. 1985).

> It is an equitable affirmative defense that operates to absolutely preclude a party 'from asserting rights which might perhaps have otherwise existed, either of property, of contract, or of remedy, as against another person who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right, either of property, or contract or of remedy.

*Waterville Homes, Inc. and Trafton Property, Inc. v. Maine Department of Transportation*, 589 A.2d 455 (Me. 1991) (quoting *Martin v. Me. Central R.R. Co.*, 83 Me. 100, 21 A. 740 (1890). More particularly, equitable estoppel can be asserted against a municipality only as a defense and "cannot be used as a weapon of assault." *Waterville Homes*, 589 A.2d at 457.

Concluding that the waiver provisions of the Road and Street Construction Ordinance # 21 of the Town of Winthrop is an unconstitutional delegation of legislative authority to the Planning Board and the Town Manager, the ordinance does not have a valid waiver provision. This does not implicate the design standards contained therein. Inasmuch as the decision of the Town of Winthrop Planning Board in the Calcagni matter was based upon a denial of an application based upon a denial of a waiver, this court is satisfied that the decision is not an error of law and that substantial evidence on the record exists to support the denial of plaintiff's application.

For reasons stated herein, the entry will be:

> The Decision of the Town of Winthrop Planning Board dated August 6, 2003, In re: Application to Amend Vista Heights Subdivision, Item No. 03-10, is AFFIRMED.

Dated: May __17__, 2005

Donald H. Marden
Justice, Superior Court

F

Date Filed __9/8/03__ __Kennebec__ Docket No. __AP03-54__
County

Action ___Petition for Review___
80B

                                    PRO SE-  Ronda Strumfeld  J. MARDEN
                                             Gregory Strumfeld

                                    PRO SE-  Joseph Remley
                                             Deborah Remley
       __Richard T. Calcagni__      vs.  __Town of Winthrop__

Plaintiff's Attorney                     Defendant's Attorney

  John S. Bobrowiecki, Jr., Esq.           Christopher L. Vaniotis, Esq.
  251 Water Street                         100 Middle Street, West Tower
  P.O. Box 120                             P.O. Box 9729
  Gardiner, Maine  04345-0120              Portland, Maine  04104-5029

                                         -Keith Varner Esq.(Strumfeld)
                                          PO Box 1051
                                          Augusta Maine  04332

| Date of Entry | |
|---|---|
| 9/8/03 | Complaint (pursuant to Maine Rules of Civil Procedure 80B) and 14 M.R.S.A 6051, filed. s/Bobrowiecki, Jr., Esq.<br>Motion and Incorporated Memorandum of Lae, filed. s/Bobrowiecki, Jr., Esq.<br>Proposed Order, filed. |
| 9/18/03 | Original Summons with return service made upon Town of Winthrop on 9/3/03. |
| 9/25/03 | Defendant's Motion to Dismiss Counts I and II of Plaintiff's Complaint with Incorporated Memorandum of Law, filed. s/Vaniotis, Esq.<br>Proposed Order, filed.<br>Request for Hearing, filed. s/Vaniotis, Esq.<br><br>Defendant's Memorandum in Response to Plaintiff's Motion to Specify the Future Course of Proceedings, filed. s/Vaniotis, Esq.<br>Defendant's Proposed Order Specifying Future Course of Proceedings, filed. |
| 10/1/03 | Answer of Defendant Town of Winthrop, filed.  s/C. Vaniotis, Esq. |
| 10/9/03 | Opposition to Defendant's Motion to Dismiss Counts I and II and Motion for Enlargement of Time, filed. s/Bobrowiecki, Jr., Esq.<br>Proposed Order, filed.<br>Affidavit of Linda B. Pekins, filed. s/Pekins |
| 10/14/03 | Defendant's Reply Memorandum in Support of Motion to Dismiss Counts I and II of Plaintiff's Complaint; and<br>Defendant's Opposition to Plaintiff's Motion for Enlargement of Time, filed. s/C. Vaniotis, Esq.<br><br>Notice of setting for___11/25/03___<br><br>sent to attorneys of record. |
| 11/25/03 | Hearing had, Hon. Donald Marden, Presiding.  (No recording made)<br>Attorney Bobrowiecki and Ronald Schneider present.  Court takes matter **under advisement.** |